T.C. Summary Opinion 2003-151

UNITED STATES TAX COURT

JOHNY L. DOTSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7888-02S.            Filed October 14, 2003.

Johny L. Dotson, pro se.

<u>Rollin G. Thorley</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued two separate notices of deficiency for taxable years 1998 and 1999, respectively. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax in the following amounts:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654(a) |
|-------|------------|------------------|--------------|
| 1998  | $1,530     | $382.50          | –            |
| 1999  | 2,122      | 530.50           | $102.70      |

This Court must decide: (1) Whether petitioner has unreported taxable income for 1998 and 1999; (2) whether petitioner is liable for section 6651(a)(1) additions to tax for failure to file Federal income tax returns for 1998 and 1999; and (3) whether petitioner is liable for the section 6654(a) addition to tax for failure to pay estimated income tax for 1999.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Las Vegas, Nevada, at the time he filed his petition.

During the taxable years in issue, petitioner received the following payments in the following amounts:

|                          | 1998    |
|--------------------------|---------|
| Nonemployee compensation | $ 1,562 |
| Rent                     | 13,523  |
| Interest                 | 21      |
|                          | $15,106 |

|                          | 1999    |
|--------------------------|---------|
| Nonemployee compensation | $ 5,224 |
| Rent                     | 10,725  |
| Interest                 | 13      |
|                          | $15,962 |

Petitioner did not file Federal income tax returns for 1998 and 1999. Respondent received information reports and prepared substitutes for return for 1998 and 1999. Respondent determined that petitioner had unreported income of $15,106 and $15,962 for 1998 and 1999, respectively.

Section 61(a) provides that gross income includes all income from whatever source derived unless excludable by a specific provision of the Code. Compensation, interest, and rents are enumerated sources of income includable in gross income. Sec. 61(a)(1), (4), and (5).

Petitioner stipulated to receipt of nonemployee compensation, rent, and interest in the amounts determined in the notices of deficiency. At trial, petitioner testified that he did not file Federal tax returns for 1998 and 1999. Petitioner began to make tax protester type arguments, but upon admonition by the Court as to potential penalties associated with advancing such arguments, petitioner concluded his testimony. Petitioner offered no evidence as to the excludability of any of the amounts he received during 1998 and 1999. We find that petitioner had unreported income in 1998 and 1999 in the amounts determined by respondent.

We further find that respondent has satisfied his burden of production with respect to the imposition of the additions to tax under sections 6651(a)(1) and 6654(a). Sec. 7491(c).

As to the section 6651(a)(1) additions to tax for 1998 and 1999, section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return, unless such failure is due to reasonable cause and not willful neglect. Additions to tax under section 6651(a)(1) are imposed unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The taxpayer must prove both reasonable cause and a lack of willful neglect. Crocker v. Commissioner, 92 T.C. 899, 912 (1989). "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence. United States v. Boyle, 469 U.S. 241, 246 (1985). Willful neglect is defined as a "conscious, intentional failure or reckless indifference." Id. at 245.

Petitioner did not file tax returns for 1998 and 1999. Petitioner offered no evidence that he had reasonable cause and a lack of willful neglect. Rather, in tax protester fashion, petitioner testified that he did not file tax returns for 1998 and 1999 because, under the Internal Revenue Code, "there's no requirement to file without tax liability first * * * [and] it has to be recorded" and that "I have no liability". Such a position does not demonstrate reasonable cause. Thus, we conclude that petitioner is liable for the additions to tax under section 6651(a)(1) for 1998 and 1999.

We next consider whether petitioner is liable for the

addition to tax under section 6654 for failure to pay estimated taxes for 1999. Section 6654(c) imposes a requirement that estimated taxes be paid in installments. If a taxpayer fails to pay a sufficient amount of estimated taxes, section 6654(a) provides for a mandatory addition to tax in the absence of exceptions not applicable here. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner did not file a tax return for 1999, and there is no evidence that any tax was withheld from the income he received in 1999. Accordingly, we find that petitioner is liable for the addition to tax under section 6654 for 1999.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.